Filed 4/28/21  P. v. Chapman CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>KELVIN CHAPMAN,<br><br>     Defendant and Appellant. | A160645<br><br>(Solano County<br>Super. Ct. No. FC178423) |

**MEMORANDUM OPINION[1]**

Defendant Kelvin Chapman appeals an order denying his petition for resentencing pursuant to Penal Code section 1170.95.[2]  His counsel has filed an opening brief raising no issues and asking this court for an independent review of the record.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Defendant has been apprised of his right personally to file a supplemental brief, but he has not done so.

As pertinent here, defendant was convicted of second degree murder in 2000.  The jury found true an allegation that defendant intentionally and

---

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

[2] All statutory references are to the Penal Code.

1

personally discharged a firearm in the commission of the murder, causing death. (Former §§ 12022.5, subd. (a)(1) & 12022.53, subd. (d).) On September 28, 2001, a different panel of this division affirmed the judgment. (*People v. Chapman* (Sept. 28, 2001, A092462) [nonpub. opn.] (*Chapman I*).) The opinion in *Chapman I* explained that defendant conceded he killed the victim by firing two shots into the victim's chest, and that his principal defense was reasonable self-defense.

In 2018, the Legislature enacted Senate Bill 1437, effective January 1, 2019. (Stats. 2018, ch. 1015.) In an uncodified section, the Legislature declared the law was "necessary to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (*Id*., § 1, subd. (f).) To further this end, the Legislature amended section 188 to provide that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime" (§ 188, subd. (a)(3)) and amended section 189 to provide that a participant in the perpetration or attempted perpetration of specified felonies is liable for murder only if the person was the actual killer; the person was not the actual killer but, with the intent to kill, aided or abetted the actual killer in a first degree murder; or the person was a major participant in the underlying felony and acted with reckless indifference to human life (§ 189, subd. (e)).

Section 1170.95 authorizes "[a] person convicted of felony murder or murder under a natural and probable consequences theory" to file a petition to have the murder conviction vacated and to be sentenced on the remaining counts under certain conditions, including that the person could not be

2

convicted of first or second degree murder under the changes to sections 188 and 189. (§ 1170.95, subd. (a).)

In January 2020, defendant filed a petition for resentencing under section 1170.95. The trial court denied the petition, finding defendant had not made a prima facie case for relief under section 1170.95 because he was convicted not under a theory of felony murder or under the natural and probable consequences doctrine, but as the actual killer and as a person who intentionally discharged a firearm. Defendant filed a timely appeal of this order, and his counsel subsequently filed a *Wende* brief.

Our high court is currently considering whether an appellate court must conduct an independent review of the record when counsel files a *Wende* brief after the trial court denies a petition for resentencing under section 1170.95. (*People v. Delgadillo*, rev. granted Feb. 17, 2021, S266305.) Recent Court of Appeal cases have consistently held that we are not required to conduct such a review and may dismiss an appeal as abandoned if the defendant does not file a supplemental brief (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1031–1032, 1039–1040, review granted Oct. 14, 2020, S264278; *People v. Figueras* (2021) 61 Cal.App.5th 108), although some cases explain that we have discretion to review the record independently for arguable issues, either where an initial review does not show the defendant is obviously ineligible for relief (such as when the defendant was convicted on a theory he was the actual killer) (*People v. Scott* (2020) 58 Cal.App.5th 1127, 1131, review granted Mar. 17, 2021, S266853) or as a routine matter (*People v. Flores* (2020) 54 Cal.App.5th 266, 269–274). Another panel of this division concluded, in an analogous context in *People v. Freeman* (2021) 61 Cal.App.5th 126, 132–134, that an order revoking and reinstating post release community supervision was not subject to *Wende* review because the

appeal was not a direct appeal from a judgment of conviction. We likewise conclude defendant is not entitled to *Wende* review of an order denying a petition for resentencing under section 1170.95. Because defendant has not personally filed a supplemental brief, we will dismiss his appeal as abandoned.

We note, however, that the result would be the same even if we were to exercise our discretion to conduct an independent review. The jury was not instructed on either felony murder or the natural and probable consequences doctrine, and there is no dispute that defendant was the actual killer. The trial court correctly concluded he did not fall within the ambit of section 1170.95.

## DISPOSITION

The appeal is dismissed as abandoned.

TUCHER, J.

WE CONCUR:

POLLAK, P. J.
STREETER, J.

*People v. Chapman* (A160645)